NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STUDIO 1220, INC., a California corporation, on behalf of itself and all others similarly situated, | No. 21-16066 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-02892-VC |
| and | |
| INFORMATECH CONSULTING, INC., | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| INTRALINKS, INC., a Delaware corporation, | |
| Defendant-Appellee, | |
| and | |
| BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 19, 2022[]
Pasadena, California

Before:  OWENS and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Studio 1220, Inc. appeals the district court's order under Federal Rule of Civil Procedure 12(b)(6) dismissing its fraudulent concealment claim against Intralinks, Inc.  The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.  We review the grant of a motion to dismiss de novo.  *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 413 (9th Cir. 2020).  We affirm.

1.      The district court correctly concluded that Studio 1220 failed to plead a fraudulent concealment claim against Intralink*s.  See United States v. Corinthian Colls.*, 655 F.3d 984, 991-92 (9th Cir. 2011) (requiring, under Federal Rule of Civil Procedure 9(b), claims for fraudulent concealment to be pleaded with particularity).  Under California law, a duty of disclosure arises in four circumstances: (1) "the defendant is in a fiduciary relationship with the plaintiff," (2) "the defendant had exclusive knowledge of material facts," (3) "the defendant actively conceals a material fact," or (4) "the defendant makes partial representations but also suppresses some material facts."  *L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*,

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

182 Cal. Rptr. 3d 888, 909 (Ct. App. 2015) (citation omitted). The last three theories "generally presuppose[] a relationship grounded in some sort of transaction between the parties." *Id.* (citation, internal quotation marks, and emphasis omitted). "Where . . . a sufficient relationship or transaction does not exist, no duty to disclose arises even when the defendant speaks." *Bigler-Engler v. Breg, Inc.*, 213 Cal. Rptr. 3d 82, 114 (Ct. App. 2017).

Here, Studio 1220 has not pleaded the required fiduciary or transactional relationship with Intralinks. Studio 1220 merely used Intralinks's platform to submit its loan application to Bank of America. Studio 1220 did not have any direct agreement or relationship with Intralinks, and for a fraudulent concealment claim, the actionable conduct "must necessarily arise from direct dealings between the plaintiff and the defendant." *Id.* at 113. Studio 1220 did not sufficiently plead this required element of its claim.

The district court also correctly rejected Studio 1220's claim that the April 6, 2020 email created a transactional relationship with Intralinks. The April 6 email was sent by Bank of America using Intralinks's software platform. And regardless, "a commercial relationship between [the defendants], on the one hand, and the

plaintiffs, on the other hand, without more" does not suffice to give rise to a duty to disclose. *L.A. Mem'l*, 182 Cal. Rptr. at 910.[1]

2.   Although the district court did not reach the issue, Studio 1220's claim also fails because it has not pleaded with particularity a misleading statement or omission by Intralinks, and Studio 1220 has thus not shown "concealed or suppressed material facts." *Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 890 (Ct. App. 2011); *see also Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005) ("This court can affirm the district court's dismissal on any ground supported by the record, even if the district court did not rely on the ground."). In support of its allegations of illegal prioritization of loan applications, Studio 1220 points primarily to statistics about the total number and size of loans administered by all lenders under the Paycheck Protection Program. This alone does not suffice to support an inference that Intralinks or Bank of America fraudulently prioritized larger loan applications.

**AFFIRMED.**

---

[1] Because Studio 1220's claim fails even if Intralinks sent the April 6 email, it is not necessary to resolve the parties' dispute over whether this allegation impermissibly contradicts Studio 1220's prior pleadings.

4